IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHA KOMINSKY | : | CIVIL ACTION |
| | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | NO.  22-2353 |

MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                           June 9, 2023

  Marsha Kominsky ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.  Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief.  For the reasons set forth below, Plaintiff's request for review is granted.

I.  PROCEDURAL HISTORY[1]

  On April 5, 2018, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on September 26, 2013.  R. 110.  The claim was denied, initially; therefore, Plaintiff requested a hearing.  *Id.*  On August 22, 2019, Petitioner, represented by an attorney, and Daniel Rappuci, a vocational expert, testified at a hearing before Kathleen McDade, administrative law judge ("the ALJ").  *Id.*  On November 19, 2019, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision.  R. 110-

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues on Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply") , and the administrative record.  ("R.").
[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

1

123. The Social Security Appeals Council remanded the case to the ALJ, on October 8, 2020. R. 131-32.

On February 10, 2021, because of COVID-19 precautions, Plaintiff appeared for a telephone hearing before the ALJ. R. 15. Plaintiff, represented by an attorney, and Donna Nealon, a vocational expert, ("the VE") testified at the hearing. *Id.* On March 18, 2021, the ALJ, again using the sequential evaluation process for disability, issued an unfavorable decision. R. 15-30. The Appeals Council denied Plaintiff's request for review, on April 18, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff now seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on January 9, 1965, R. 65, was 55 years old on her date last insured for DIB, December 31, 2020. R. 17. She lives with her husband and two children. R. 66. Plaintiff last worked in September 2013, when she was injured while working as an elementary school teacher.

---

1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).

2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).

3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

R. 44-45.

B.     Plaintiff's Testimony[3]

Plaintiff testified that she has suffered from depression and anxiety, since the birth of her child in 2010. R. 47-49. The medication she takes to treat these conditions causes extreme dizziness and drowsiness, which prevents her from driving. R. 48. Plaintiff lies down for a couple of hours each day to alleviate the dizziness. *Id.* She consults a psychiatrist and a therapist for mental health treatment – via telephone because of COVID-19 precautions. *Id.* Plaintiff has a new therapist; however, she has treated with her psychiatrist since 2010. R. 49.

Plaintiff's depression causes persistent sadness and, on occasion, no motivation to get out of bed. R. 49. Anxiety prevents her from sleeping well.[4] Plaintiff has noticed that her short-term memory has deteriorated; she tends to forget things that people tell her; her concentration is also poor. R. 50. Plaintiff reported that panic attacks occur approximately twice a week. *Id.* Plaintiff does not drive; therefore, her husband accompanies her whenever she leaves home. R. 51. Plaintiff's husband also performs all major household chores. R. 51-52.

Plaintiff opined that her primary impediment to teaching again was her physical limitations. R. 52. However, she also reported that her depression, anxiety, and panic attacks would prevent her from being an effective teacher. R. 53.

C.     Vocational Testimony

At the second administrative hearing,[5] the VE characterized Plaintiff's past job –

---

[3] The court will focus on Plaintiff's testimony about her mental health impairments, because she does not claim that the ALJ committed any error when considering her physical impairments. Despite Plaintiff's choice, the court notes that she testified to extensive physical impairments. R. 45-47.

[4] Plaintiff notes that, because of her physical problems, she, generally, sleeps on the sofa rather than in her bed. R. 49.

[5] The court refers to the VE's testimony at the second administrative hearing, because that is the vocational testimony that the ALJ relied upon in decision that is under review.

elementary school teacher – as a skilled position,[6] usually performed at the light level of exertion,[7] although Plaintiff performed it at the medium level.[8] R. 55. The VE testified that none of the skills Plaintiff acquired as a teacher would be transferrable to any semi-skilled job.[9] R. 55-56. Next, the VE was asked to consider a person of Plaintiff's age, education, and past work experience, who could perform light work, with the following limitations: able to frequently balance, occasionally stoop, kneel, crouch, crawl, climb ramps and stairs; unable to climb ladders, ropes, and scaffolds; must avoid exposure to extreme cold, hazards such as unprotected heights and unprotected moving mechanical parts; and may not drive as part of her work duties. R. 56. The VE responded that this individual could perform Plaintiff's past job. *Id.* Additionally, the VE opined that this person could perform the following, semi-skilled jobs: (1) gate guard, 1.1 million positions in the national economy; space scheduler, 1 million positions in the national economy; and (3) case aide, 404,000 positions in the national economy. R. 56-57. The VE confirmed that her testimony was consistent with the Dictionary of Occupational Titles. R. 58. Finally, she opined that, if an employee missed two days of work per month on a consistent basis, she would not be employable. R. 58-59.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the

---

[6] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, fact, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[8] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

[9] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*

<table>
<tr><td></td><td>Social Security Act on December 31, 2020.</td></tr>
<tr><td>2.</td><td>[Plaintiff] has not engaged in substantial gainful activity during the period from her alleged onset date of September 26, 2013 through her date last insured of December 31, 2020 (20 CFR 404.1571 *et seq.*).</td></tr>
<tr><td>3.</td><td>Through the date last insured, [Plaintiff] had the following "severe" impairments: lumbar and thoracic sprain and strain (20 CFR 404.1520(c)).</td></tr>
<tr><td>4.</td><td>Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).</td></tr>
<tr><td>5.</td><td>After careful consideration of the entire record, the undersigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: frequent balancing, occasional stooping, kneeling, crouching, crawling, and climbing ramps/stairs; no climbing ladders, ropes, scaffolds; occasional exposure to wetness but no exposure to extreme cold; no exposure to hazards such as unprotected heights and unprotected moving mechanical parts, and no driving as part of job duties.</td></tr>
<tr><td>6.</td><td>Through the date last insured, [Plaintiff] was capable of performing her past relevant work as an elementary school teacher. This work did not require the performance of work-related activities preclude by [her] residual functional capacity (20 CFR 404.1565).</td></tr>
<tr><td>7.</td><td>[Plaintiff] has not been under a disability, as defined in the Social Security Act, at any time from September 26, 2013, the alleged onset date, through December 21, 2020, the date last insured (20 CFR 404.1520(f)).</td></tr>
</table>

R. 17-18, 22, 29.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's

findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial

gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform her past skilled work as an elementary school teacher, and, hence, was not disabled. R. 15-30. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to include her mild limitations in mental functioning into her residual functional capacity ("RFC") assessment. Pl. Br. at 3-11. Plaintiff also argues that former Acting Commissioner Nancy Berryhill lacked authority to reappoint the ALJ, on July 16, 2018, hence, Plaintiff's case was decided by an ALJ who lacked authority to act. *Id.* at 11-13. The Commissioner denies both of Plaintiff's assertions. Resp. at 1-23. This court finds that Plaintiff's challenge to Berryhill's authority lacks merit; however, the ALJ erred reversible when she ignored Plaintiff's mental health limitations when assessing her RFC.

1. Former Acting Commissioner Berryhill Had Authority to Act

Plaintiff contends that, because former Acting Commissioner ("AC") Berryhill served for

more than 210 days by July 16, 2018, her action that day to ratify the appointment of all ALJs was invalid; hence, the ALJ lacked authority to decide Plaintiff's case. Pl. Br. at 11-13. The Commissioner disputes this contention. Resp. at 5-15. Prior to AC Berryhill's action on July 16, 2018, President Trump had nominated Andrew Saul to be the Commissioner of Social Security, on April 17, 2018. However, Saul was not confirmed and sworn into office, until June 17, 2019. Reappointment of ALJs and Appeals Council Judges by an AC (or Commissioner) was needed because, prior to AC Berryhill's action, none of the Social Security Administration's ALJs or Appeals Council Judges had been validly appointed.[10] As explained below, Plaintiff's challenge to AC Berryhill's authority to act on July 16, 2018 lacks merit.

Recently, this court held that that AC Berryhill acted properly on July 16, 2018, because, once Saul was nominated by President Trump, on April 17, 2018, AC Berryhill could exercise the powers of an AC, pursuant to 5 U.S.C. § 3346(a)(2). *Carpenter v. Kijakazi*, Civ. A. No. 22-3025, 2023 WL 2071373, *5 (E.D. Pa. Feb. 17, 2023). Without mentioning *Carpenter*,[11] Plaintiff relies upon *Brian T.D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022), which held to the contrary. However, on March 7, 2023, the Eighth Circuit reversed that decision in *Dahle v. Kijakazi*, 62 F.4th 424 (8th Cir. 2023). *Dahle* endorses this court's conclusion in *Carpenter* that, once Saul was appointed on April 17, 2018, Berryhill could exercise the powers of an AC, pursuant to § 3346(a)(2). 62 F.4th at 427-30. Since Plaintiff's authority has been reversed by a higher court and he makes no effort to distinguish the undersigned's decision in *Carpenter*, the undersigned concludes that his challenge to AC Berryhill's action fails.

---

[10] There is no dispute that, pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), no ALJ had been properly appointed. This necessitated AC Berryhill's action to ratify the appointment of all ALJs, on July 16, 2018.
[11] The court notes that Plaintiff's attorney in this case also represented Carpenter.

2. <u>The ALJ Erred by Ignoring Plaintiff's Mental Limitations when Assessing her RFC</u>

Plaintiff also argues that the ALJ erred reversibly, because, although she found that Plaintiff had mild limitation in three areas of mental functioning, she failed to include any mental functioning limitations in the RFC assessment. Pl. Br. at 3-11. The Commissioner disputes this claim. Resp. at 17-22. This court finds that the ALJ made a reversible omission.

In this case, the ALJ found that Plaintiff had the medically determinable mental impairments of major depressive disorder and panic disorder with agoraphobia. R. 18. She found these impairments were non-severe, because they caused no limitation in the mental functioning area of understanding, remembering, and applying information and mild limitation in the other three areas: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. R. 18-20. The ALJ stated that she would consider these limitations when assessing Plaintiff's RFC, R. 20, which she was required to do by regulation. 20 C.F.R. § 404.1545(a)(2). However, when the ALJ rendered her RFC assessment, she included no mental functioning limitations. *See* R. 22. As explained below, this omission constitutes reversible legal error.

The judges of this district have consistently concluded that, when a claimant has medically determinable, but non-severe, mental health impairments, the ALJ must include mental health limitations in the RFC assessment. *Perez-Vega v. Kijakazi*, Civ. A. No. 22-3994, 2023 WL 3620747, *6 (E.D. Pa. May 24, 2023); *Leichter v. Kijakazi*, Civ. A. No. 20-6147, 2021 WL 5904619, *8-*9 (E.D. Pa. Dec. 13, 2021); *Meersand v. Kijakazi*, Civ. A. No. 20-1084, 2021 WL 5003331, *3 (E.D. Pa. Oct. 28, 2021) (collecting nine cases from this district so holding); *but cf. Younge v. Berryhill*, Civ. A. No. 16-5271, 2017 WL 2978758, *13 (E.D. Pa. May 21, 2017). Including mild mental health impairments in the RFC is especially important when, as here, the

ALJ finds that claimant can perform her past, skilled work.  *Perez-Vega*, 2023 WL 3620747, at *6; *Leichter*, 2021 WL 5904619, at *9.  In light of the precedent in this district, this court finds that the ALJ committed reversible legal error when she failed to include any mental health limitations in the RFC assessment.  This case is remanded so that the ALJ properly can consider even minor mental restrictions in Plaintiff's RFC.

    An implementing order and order of judgment follow.